

FILED

06|13|14    3:39 p.m.

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CONAIR CORPORATION and BABYLISS FACO SPRL, | CASE No. 6:14-CV-919-ORL-37-KRS |
| Plaintiffs, | |
| v. | |
| PRO CURL AMERICA LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiffs Conair Corporation ("Conair") and Babyliss FACO SPRL ("Babyliss") complain of defendant Pro Curl America LLC ("ProCurl") as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a) because this is an action for infringement of Conair and Babyliss patent rights and for violation of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction of Plaintiffs' claim under Florida law pursuant to 28 U.S.C. § 1367(a).

2.    Defendant is subject to personal jurisdiction in Florida and in this judicial district and division because it has transacted business here by selling, offering to sell or distributing hair care products (the ProCurl Styler ) that violate Conair's and Babyliss's intellectual property rights.

3.    Venue is proper under the general federal venue statute, 28 U.S.C. § 1391(d), and under the specific venue provision relating to patent-infringement cases, 28 U.S.C. § 1400(b).

### PARTIES

4.    Conair is a Delaware corporation headquartered in East Windsor, New Jersey, with sales and marketing offices in Stamford, Connecticut. Conair is the exclusive licensee and owns all substantial rights in and has standing (without joining the nominal

SCANNED

legal title owner) to sue for infringement of the following United States Patent Nos.: 8,607,804, entitled "Hair Styling Aid" (the '804 patent); 8,651,118, entitled "Hair Styling Device" (the '118 patent); and 8,733,374, entitled "Hair Styling Device" (the '374 patent); Conair holds the exclusive license, including the exclusive right to manufacture, market and enforce, from TF3 Limited (Birmingham, England). Conair has complied with all terms of its exclusive license, and that exclusive license is currently in force.

5. Babyliss is a subsidiary of Conair, and is organized under the laws of Belgium. It is headquartered and has offices at 25 avenue l'independence 4020, Wandre (Liege), Belgium. Babyliss is the owner and has standing to sue for infringement of United States Design Patent D696,456, entitled, "Hair Styling Apparatus" (the '456 patent).

6. ProCurl has a presence in the state of Florida, maintaining an office at 9858 Clint Moore Road, C111 Suite 140, Boca Raton, Florida, 33496. ProCurl has previously and is presently making, using, selling, offering for sale, and/or importing into the U.S. hair styling devices that infringe one or more claims of the '804, '118, '374 and '456 patents (the "patents-in-suit"). ProCurl has infringed the patents-in-suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

## BACKGROUND

7. Conair acquired the exclusive license to the '804, '118 and '374 patents on June 7, 2011, and has worked diligently to commercialize the inventions claimed within them. The '804, '118 and '374 patents, through the inventions embodied in their claims, permit one-step hair styling and curling, thus saving consumers substantial time and effort. As part of Conair's commercialization efforts, Conair designer Pierre L. Julemont (working at Conair's Belgian Babyliss subsidiary) perfected a sleek, novel and consumer-friendly ornamental design to enclose embodiments of the '804, '118 and '374 patents. That ornamental design is embodied in the '456 patent.



**Figure 1 of the '456 Patent**

8.    As a result of Conair's commercialization efforts, Conair and its subsidiaries have experienced dramatic commercial success worldwide with its embodiments of those patents – the Miracurl® (promoted under the Babyliss brand) and the Curl Secret® (promoted under the Conair brand). That success has attracted a number of knock-off efforts and attempts to free ride on Conair's success. Defendants are now among them.

9.    ProCurl advertises and sells hair styling devices its websites, www.procurls.com and www.shop.procurls.com. To an ordinary observer, those accused devices appear substantially and confusingly similar to Conair's commercial patented products, and to Conair's patented design:



**Defendant's Accused Product**

10.   Conair owns distinctive, aesthetic, non-functional trade dress in its Infinity Pro by Conair® Curl Secret® ("Curl Secret") hair curling product. Conair has used this trade dress consistently in its marketing, including on its websites located on the internet at www.curlsecret.com, www.miracurlpro.com and www.conair.com.

11.   The trade dress of the Curl Secret is recognizable by its color which is a very deep, dark purple, almost black in appearance. The trade dress is also recognizable by the positioning of the controls for the Curl Secret which are located on the left side of the product's lower appendage facing left when held in a stylist's right hand during normal use. The trade dress is also recognizable in the unique shape of the Curl Secret, including its round bulbous clam-shell head and its sleek handle, as well as its swiveling truncated-cone power cord attachment where the cord trails away from the unit at a greater-than-90 degree angle, and has flexible ribs at the nearest part to the attachment. The trade dress for Miracurl is nearly identical, with three buttons instead of two, and aqua/teal coloring instead of deep purple.

12.   The Curl Secret and Miracurl trade dress symbolize the quality of the Conair products, and have become distinctive to Conair through widespread use and advertising, which has exposed the Conair Curl Secret and Miracurl to many people, especially in the hair care industry. Conair has used the Curl Secret and Miracurl trade

dress in a consistent and continuous fashion in commerce though its website, in print marketing material, and on the websites and marketing material of its authorized dealers throughout the United States.

13.     The Curl Secret and Miracurl trade dress is aesthetic and non-functional, and through consistent and continuous use it has come to identify the Conair Curl Secret and Miracurl products, and the public recognizes the trade dress and associates it with Conair and its Curl Secret and Miracurl products. The trade dress has become an asset of substantial value and is strongly associated with a single product line and source, namely the Conair Curl Secret and Miracurl products.

14.     As can be seen in the photographs below, Defendant has copied and used the Curl Secret and Miracurl trade dress in connection with their advertising and marketing of the confusingly similar accused devices in interstate commerce with the intention of misleading, deceiving or confusing consumers as to the origin of the accused products while trading on Conair's reputation and good will.



| Two views of Conair's Product |
| --- |



| Two views of Defendant's Infringing Product |
| --- |

15.    The infringement by Defendant of the Curl Secret and Miracurl trade dress is likely to cause confusion, deception, and mistake among consumers and potential consumers of the Conair Curl Secret product.

16.     Conair has informed Defendants of its and its subsidiary's rights under the patents-in-suit, and requested that they immediately cease and desist the infringing activities. On June 5, 2014, in-house counsel for Conair wrote a letter to ProCurl naming, among others, the patents-in-suit, identifying the infringement by the accused products, and demanding that he "immediately cease all sales, marketing, advertising and website listings of the product, and any substantially similar product, and that you destroy or turn over to us your unsold inventory."

## COUNT I

## UTILITY PATENT INFRINGEMENT

17.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 16 of this complaint as if fully set forth herein.

18.     Defendant has infringed and continues to infringe the '804, '118 and '374 patents either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell infringing products, namely the ProCurl Styler. Additional infringing models may be identified through discovery.

19.     Defendant's infringement, contributory infringement and/or inducement to infringe has injured Conair and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

20.     Defendant's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendant had notice of or knew of the '804, '118 and '374 patents and has nonetheless injured and will continue to injure Conair, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the '804, '118 and '374 patents.

## COUNT II

## DESIGN PATENT INFRINGEMENT

21.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 20 of this complaint as if fully set forth herein.

22.     Defendant has infringed and continue to infringe the '456 patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271 by making, using, selling, importing and/or offering to sell infringing products, namely the ProCurl Styler. Additional infringing models may be identified through discovery.

23.     Defendant's infringement, contributory infringement and/or inducement to infringe has injured Babyliss and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

24.     Defendant's infringement, contributory infringement and/or inducement to infringe has injured and will continue to injure Babyliss, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the '456 patent.

## COUNT III

## FEDERAL TRADE DRESS INFRINGEMENT/UNFAIR COMPETITION

25.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 24 of this complaint as if fully set forth herein.

26.     Defendant's activities complained of herein constitute infringement of Conair's trade dress and unfair competition in violation of 15 U.S.C. § 1125(a) to the injury and detriment of Plaintiffs.

27.     As a direct and proximate result of Defendants' infringement, Conair has suffered and will continue to suffer loss of income, profits and good will and defendants will continue to unfairly acquire income, profits, and good will.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

28.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 of this complaint as if fully set forth herein.

29.     Defendant's activities complained of herein constitute unfair methods of competition in violation of the common law of the State of Florida.

30.     As a direct and proximate result of Defendant's competition, Conair has suffered and will continue to suffer loss of income, profits and good will, and defendant will continue to unfairly acquire income, profits and good will.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Conair requests a trial by jury on all issues presented that can properly be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Conair and Babyliss ask this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.     An injunction permanently prohibiting further infringement, inducement and contributory infringement of the patents-in-suit;

B.     An award of damages adequate to compensate Conair and Babyliss for the infringement that has occurred, together with prejudgment interest from the date infringement began;

C.     All other damages permitted by 35 U.S.C. § 284;

D.     Additional damages as expressly provided for in the case of a design patent under 35 U.S.C. § 289;

E.     A finding that this case is exceptional and an award to Conair of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

F.    An award of costs; and

G.    Such other and further relief as this Court or a jury may deem proper and
      just.

Dated: June 13, 2014                        Respectfully submitted,

                                            By: /s/ Joel B. Rothman
                                            Joel B. Rothman
                                            Joel.rothman@sriplaw.com
                                            Florida Bar No. 98220
                                            **Schneider Rothman IP Law Group**
                                            4651 North Federal Highway
                                            Boca Raton, Florida 33431
                                            voice: 561.404.4350
                                            fax: 561.404.4353

                                            Of counsel:
                                            William W. Flachsbart
                                            wwf@fg-law.com
                                            Robert P. Greenspoon
                                            rpg@fg-law.com
                                            **Flachsbart & Greenspoon, LLC**
                                            333 N. Michigan Ave., 27th Floor
                                            Chicago, IL 60601
                                            Phone: 312-551-9500
                                            Fax: 312-551-9501

                                            **Attorneys for Plaintiffs,**
                                            **Conair Corporation and Babyliss FACO**
                                            **SPRL**